# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                         )
                         )
     v.                )         Case ID No.: 1910004381
                         )
                         )
AARON RICHARDS,      )
                         )
     Defendant.     )

## ORDER

Submitted: October 14, 2021
Decided: January 7, 2022

**AND NOW TO WIT**, this 7th day of January, 2022, upon consideration of Defendant Aaron Richard ("Defendant")'s October 14, 2021 Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.     During a vehicle stop on October 7, 2019, Defendant was found to be in possession of heroin. That same day, a search warrant was executed at Defendant's apartment where he admitted to police officers that a firearm and a ballistic vest would be found in the residence. This proved to be true during a subsequent search. Defendant then provided a post-*Miranda* confession that the firearm and vest belonged to him. He further conceded that he was selling heroin to support his nine children.

1

2. On October 12, 2020, after an appropriate colloquy, Defendant pled guilty to Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited.[1] He was sentenced to serve a minimum mandatory sentence of five years,[2] followed by transitioning levels of probation.[3]

3. On December 22, 2020, Defendant filed his first Motion for Modification of Sentence.[4] The Court denied this Motion on February 19, 2021.[5] This Court denied additional requests for sentence modification on September 21, 2021,[6] October 1, 2021,[7] and November 9, 2021.[8]

4. Defendant repeatedly argues that due to "personal growth and maturity" and "job prospects,"[9] he should be released from prison so that he may provide for his wife and nine children.[10] This Court has consistently explained that the Court imposed the most lenient sentence and that his family's financial hardship caused by his criminal conduct does not form a legal basis for relief.[11]

---

[1] Final Case Review: Defendant Pled Guilty/Sentenced, D.I. 11.
[2] *See* 11 *Del. C.* § 1448(e)(1)(b) ("[A]ny person who is a prohibited person . . . and who knowingly possesses, purchases, owns or controls a firearm . . . while so prohibited shall receive a minimum sentence of [f]ive years at Level V, if the person does so within 10 years of the date of conviction for any violent felony . . . .").
[3] Sentence: Approved ASOP Order Signed and Filed, D.I. 13.
[4] Motion for Modification of Sentence, D.I. 14.
[5] Motion for Modification of Sentence Denied, D.I. 15.
[6] Motion for Modification of Sentence Denied, D.I. 19.
[7] Motion for Modification of Sentence Summarily Dismissed, D.I. 21.
[8] Motion for Modification of Sentence Denied, D.I. 19
[9] *See* Motion for Postconviction Relief, D.I. 22, at 2.
[10] *See* Motion for Modification of Sentence, D.I. 14; Motion for Modification of Sentence, D.I. 16; Motion for Modification of Sentence, D.I. 20.
[11] *See* Motion for Modification of Sentence Denied, D.I. 15; Motion for Modification of

5.      Undeterred, Defendant again filed this Motion for Postconviction Relief on October 14, 2021.[12]   Defendant raises four arguments as to why his requested relief should be granted: (1) extraordinary circumstances; (2) unfulfilled plea agreement; (3) illegal search and seizure; and (4) ineffective assistance of counsel.[13]

6.      Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction. . . ."[14]   This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[15]   The procedural "bars" of Rule 61 are: timeliness,[16] repetitiveness,[17] procedural default,[18] and former adjudication.[19]

---

Sentence Denied, D.I. 19; Motion for Modification of Sentence Summarily Dismissed, D.I. 21.

[12] Motion for Postconviction Relief, D.I. 22.

[13] *See id.*

[14] SUPER. CT. CRIM. R. 61(a)(1).  *See, e.g.*, *Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (TABLE) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (TABLE)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[15] *Bradley v. State*, 135 A.3d 748, 756–57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)); *see also* SUPER. CT. CRIM. R. 61(i) (setting forth Rule 61's procedural bars).

[16] SUPER. CT. CRIM. R. 61(i)(1).  *See, e.g.*, *Evick v. State*, 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[17] SUPER. CT. CRIM. R. 61(i)(2).  *See, e.g.*, *Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[18] SUPER. CT. CRIM. R. 61(i)(3).

[19] SUPER. CT. CRIM. R. 61(i)(4).

The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[20]

7. This is Defendant's first motion for postconviction relief and was timely filed.[21] Defendant is not otherwise procedurally barred under Delaware Superior Court Rule 61(i). Defendant has not requested appointment of counsel. However, any such request would have been denied as Defendant's motion fails to "set[ ] forth a substantial claim that the movant received ineffective assistance of counsel" or any "specific exceptional circumstances" that would warrant the appointment of counsel.[22] The Court next addresses Defendant's arguments for postconviction relief in order although the arguments do not fall squarely under traditional Rule 61 analyses.

8. Defendant's first ground for "extraordinary circumstances" argues that he is "a product of his own environment…" and his eight-year-old son has a chronic respiratory disease.[23] The Court does not consider this claim under Rule 61. It has previously been considered and denied under Rule 35.[24]

---

[20] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").
[21] *See* SUPER. CT. CRIM. R. 61(i)(1).
[22] *See* SUPER. CT. CRIM. R. 61(e)(2).
[23] Motion for Postconviction Relief, D.I. 22, at 3.
[24] *See* Motion for Modification of Sentence Denied, D.I. 15; Motion for Modification of Sentence Denied, D.I. 19; Motion for Modification of Sentence Summarily Dismissed, D.I. 21.

9.     Defendant's allegation of an "unfulfilled plea agreement" is equally without merit. Nothing suggests the agreement was unfulfilled. Instead, Defendant argues that he did not know he could withdraw his plea under Superior Court Criminal Rule 32(d) and that he "would have opted for a break down or a complete inquiry . . . at his plea hearing" if he had known.[25] Nothing on this record contradicts the Court's finding that Defendant knowingly, voluntarily, and intelligently entered into his plea agreement. Moreover, this argument forms no basis for relief under Rule 61.

10.     Defendant's assertion of "illegal search and seizure" is based upon his claim that he "knows nothing of law."[26] This claim is similarly without merit and lacks a factual basis.

11.     Lastly, Defendant argues that defense counsel was ineffective because counsel "[f]ailed below an objective standard" because he "could've had a better plea."[27] Mere allegations of ineffectiveness are not enough.[28] Defendant's two conclusory sentences that his plea could have been better fails to state a basis for relief, let alone satisfy the appropriate legal standard under *Strickland v. Washington.*[29]

---

[25] Motion for Postconviction Relief, D.I. 22, at 4.
[26] *Id.* at 3.
[27] *Id.*
[28] *Younger*, 580 A.2d at 556.
[29] *See Strickland v. Washington*, 466 U.S. 668 (1984).

12.    Defendant's assertions lack any factual basis and are deemed frivolous. His contentions are dismissed pursuant to Superior Court Criminal Rule 61(d)(5).[30]

13.    For the reasons stated above, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge


oc:    Prothonotary
cc:    Defendant
       Jillian Schroeder, Esquire
       Investigative Services Office

---

[30] *See* SUPER. CT. CRIM. R. 61(d)(5) ("If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").